# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00772-CV

Edison Cement Corp. d/b/a Edison Furniture Co., Appellant

v.

North Carolina Furniture Direct 1, Ltd. d/b/a North Carolina Furniture Direct; and
North Carolina Furniture Direct, Ltd. Co., Appellees

## FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT
### NO. 15-2305, HONORABLE WILLIAM R. HENRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the denial, in part, of a temporary injunction rendered by the district court of Hays County in a breach-of-contract case. Appellant is Edison Cement Corp. d/b/a Edison Furniture Co. (Edison). Appellees are North Carolina Furniture Direct 1, Ltd. d/b/a North Carolina Furniture Direct; and North Carolina Furniture Direct, Ltd. Co. (Carolina). The district court granted Edison's requested temporary injunctive relief in three categories, but denied its requested mandatory injunctive relief. This Court will affirm the judgment, denying the requested mandatory relief.

Both Carolina and Edison sell furniture. Carolina sells discounted furniture to customers in a consignment-type arrangement. It does not buy and then resell the furniture directly, but rather it provides the showroom, warehouse, technology, and other support necessary to sell furniture. "Consultants," like Edison, provide the furniture and salesclerks.

The parties began doing business together in 2013. Their relationship is memorialized in two contracts. Carolina owns and operates a showroom where furniture is sold to the public and a warehouse where furniture is stored when it is not in the showroom. Both the showroom and the warehouse are located in the same building in San Marcos. By the contract, Edison agreed to provide the furniture to be sold in the showroom in exchange for reimbursement of the purchase price of the furniture plus a commission. Edison collects the furniture sales proceeds and pays Carolina the balance weekly after costs and commission.

The parties agreed that some of the furniture could be stored in the warehouse. Such furniture is placed on pallets stacked to the ceiling of the warehouse and can only be accessed by lifts operated by Carolina employees trained in the operation of the lifts. No Edison employee is so trained.

In the fall of 2015, Carolina notified Edison that it intended to terminate the parties' relationship when the contract expired at the end of the year. Edison, in turn, informed Carolina that the contract would terminate in late October 2015. As the parties began to wind down their business, a dispute arose regarding payments that Carolina claimed it was owed. During this period Edison agreed to pay Carolina $17,000 by check in exchange for a truckload of furniture from the warehouse. As pleaded by Carolina's trial lawyer, no sooner had the loaded truck "hit the road" than Edison stopped payment on the check. Carolina, thereafter, notified Edison that their "Agreement is hereby immediately and entirely terminated" and that Edison employees are no longer "welcome" at the warehouse or showroom.

By its suit, Edison sought monetary damages as well as temporary injunctive relief. After hearing, the district court granted Edison the following relief by temporarily enjoining

Carolina from (1) "hiding, selling, removing, destroying or damaging" the consigned furniture; (2) delivering the consigned furniture to third parties; and (3) removing the consigned furniture from the warehouse. The court also enjoined both Edison and Carolina from removing any consigned furniture from the warehouse. The district court, however, refused Edison's further request for relief authorizing it to enter the warehouse and remove consigned furniture.

By Issue One, Edison complains of the district court's refusal to authorize it to enter into the warehouse to remove consigned furniture.[1] Edison's requested relief would have entailed the employment of Carolina's equipment and the assistance of its trained workmen to take down the high-stacked furniture.

A trial court has broad discretion in determining whether to grant or deny an application for a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A reviewing court may not substitute its judgment for that of the trial court; rather it should sustain the trial court's denial of injunctive relief unless such denial was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.* In reviewing the trial court's exercise of discretion, the reviewing court considers the evidence in the light most favorable to the trial court's determination and indulges every inference in its support. *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.).

---

[1] Edison also asserts in Issue One that the court erred in enjoining both Edison and Carolina from removing consigned furniture from the warehouse. Because Edison did not brief this argument, it is waived. *See* Tex. R. App. P. 38.1(h) (requiring that appellate brief contain "succinct, clear, and accurate statement of arguments"); *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 410 (Tex. 1997) (noting that "ordinarily failure to brief an argument waives the claimed error").

To obtain a temporary injunction, the applicant must prove three elements: (1) a cause of action against the defendant, (2) a probable right to the relief sought upon a final hearing on the merits, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204.

Carolina argues in defense of the judgment that Edison failed to establish that it would suffer a probable, imminent, and irreparable injury if the requested temporary injunctive relief were not granted.

Edison's principal witness was its sales manager, William Cannon. Cannon testified that quantities of furniture were missing from the warehouse. He also claimed that some of the furniture was damaged and that more pieces might be damaged. He asserted further that if Edison did not have the furniture, it would miss out on a "once in a lifetime opportunity" at a coming up grand-opening sale. Cannon expressed concern that Edison could go out of business if it did not obtain the furniture. Finally, Cannon said he had information that caused him concern that Carolina might not be able to pay any final judgment that Edison might obtain.

An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any pecuniary standard. *Allied Home Mortg. Capital Corp. v. Fowler*, No. 14-10-00992-CV, 2011 WL 2367086, *4 (Tex. App.—Houston [14th Dist.] June 9, 2011, no pet.) (mem. op.) (citing *EMS USA, Inc. v. Shary*, 309 S.W.3d 653, 657 (Tex. App.—Houston [14th Dist.] 2010, no pet.)). Here Edison sought money damages for Carolina's breach of contract.

Cannon acknowledged that the value of any missing furniture could be calculated. The district court could have concluded, as well, that the loss in value of any damaged furniture

4

could be determined. Here, there is no irreparable injury because money damages would suffice and the amount can be measured.

Edison's effort to construct an irreparable-injury case based on Cannon's summarized testimony fails. The district court could have reasonably concluded that such evidence was little more than speculation. Injunctive relief is not proper when the claimed injury is merely speculative; fear and apprehension of injury are not sufficient to support a temporary injunction. *Fox v. Tropical Warehouses, Inc.*, 121 S.W.3d 853, 861 (Tex. App.—Fort Worth 2003, no pet.).

The judgment denying the requested mandatory injunctive relief is affirmed.

_____
Bob E. Shannon, Justice

Before Chief Justice Rose, Justices Pemberton and Shannon*

Affirmed

Filed:   July 26, 2017

* Before Bob E. Shannon, Chief Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).